United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Shannon Morsillo, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 18-60658-Civ-Scola |
| | ) |
| Progressive Financial Services, Inc., | ) |
| Defendant. | ) |

**Order on Motion for Default Judgment**

The Plaintiff Shannon Morsillo seeks a final default judgment against the Defendant Progressive Financial Services, Inc. (ECF No. 13.) Previously, on April 25, 2018, the Clerk of Court entered a default against the Defendant. (*See* ECF No. 11.) The Defendant has not sought to set aside the default against it. Having reviewed the motion, the record, and the relevant legal authority, the Court **grants in part and denies in part** Morsillo's motion for default judgment (**ECF No. 13**.)

1. **Background**

The complaint alleges that the Defendant is a debt collector that robocalled the Plaintiff's cellular phone twenty (20) times since 2014 without express consent, and asking for an individual named Beverly Plummer. (*See* Compl., ECF No. 1.) Morsillo requested that the Defendant stop calling her phone, but the Defendant continued to make the unwanted calls. (*Id.*) Morsillo was charged for receiving the calls and the Defendant wasted her time by continuing to call. (*Id.*) As a result, the Plaintiff asserts claims for violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. §§ 559.55 *et seq*. The Plaintiff therefore seeks statutory damages, and a finding that the Defendant willfully or knowingly violated the TCPA, entitling her to treble damages.

2. **Legal Standard**

"A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact," as set forth in the operative complaint. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009). In issuing a default judgment, a court may award damages "without a hearing [if the] amount claimed is a liquidated sum or one capable of mathematical calculation," as long as "all essential evidence is already of record." *S.E.C. v. Smyth*, 420 F.3d 1225, 1231, 1232 n.13 (11th Cir. 2005) (quoting *Adolph Coors*

*Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985)). However, the Court must ensure that there is a sufficient basis in the pleadings for the particular relief sought. *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007).

### 3. Analysis
#### A. TCPA

The TCPA states that "[i]t is unlawful for any person to "make any call (other than a call made . . . with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii). The purpose of the TCPA was to strike a balance between protecting the privacy of individuals while still permitting legitimate telemarketing practices. Tel. Consumer Prot. Act of 1991, Pub.L. No. 102-243, § 2, 105 Stat. 2394 (1991). In enacting the TCPA, Congress considered evidence that individuals "consider automated or prerecorded telephone calls, regardless of the content or the initiator of the message, to be a nuisance and an invasion of privacy." *Id.* Congress found that banning automated calls "except when the receiving party consents to receiving the call . . . is the only effective means of protecting telephone consumers from this nuisance and privacy invasion." *Id.* Thus, to make a claim under the TCPA, a plaintiff must show that "(1) a call was made to a cell or wireless phone, (2) by the use of any automatic dialing system or an artificial or prerecorded voice, and (3) without prior express consent of the called party." *Augustin v. Santander Consumer USA, Inc.*, 43 F. Supp. 3d 1251, 1253 (M.D. Fla. 2012).

Based upon the well pled allegations in the complaint, the Plaintiff adequately establishes that the Defendant violated the TCPA. The Plaintiff specifically alleges that the Defendant made at least twenty calls to her cell phone without her prior express consent, using an automatic telephone dialing system (ATDS) with a pre-recorded voice. (Compl., ECF No. 1 ¶¶ 23, 37, 42.) In addition, the Plaintiff alleges that she repeatedly requested that the Defendant stop calling her, and that she was not "Beverly Plummer." (*Id.* ¶¶ 27-28.) Thus, the Plaintiff is entitled to an award of statutory damages in the amount of $500.00 for each violation.

The Plaintiff requests an award of $500.00 for the first call placed by the Defendant, and treble damages ($1,500.00) pursuant to 47 U.S.C. § 227(b)(3) for each of the nineteen subsequent calls she received after informing the Defendant that it was calling the wrong person and asked the Defendant to please stop calling. Such conduct, the Plaintiff contends, amounts to knowing or willful violation of the TCPA. The Court disagrees. Indeed, the "requirement

of willful or knowing conduct requires the violator to know he was performing the conduct that violates the statute." *Lary v. Trinity Physician Fin. & Ins. Servs.*, 780 F.3d 1101, 1107 (11th Cir. 2015). The complaint does not adequately allege that the Defendant knew it was calling the Plaintiff's cell phone. While the Plaintiff does allege that she repeatedly requested that the Defendant stop calling her cell phone (Compl., ECF No. 1 ¶ 43), this allegation is inconsistent with other allegations that the Plaintiff told the Defendant that she was not Beverly Plummer and to stop calling Plaintiff or "this number." (Compl., ECF No. 1 ¶¶ 27-28.) Moreover, the Plaintiff has not provided an affidavit, or other evidence for the Court's consideration, from which it can otherwise determine the issue of the Defendant's willfulness or knowledge. The mere allegation that the Defendant willfully or knowingly violated the statute is a legal conclusion, which the Court need not accept as true. *Id.* (citing *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Thus, the Plaintiff is not entitled to treble damages for a willful violation; rather, she may recover $500.00 per call, or a total of $10,000.00 for the Defendant's violations of the TCPA.

### B. FDCPA

Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). In order to prevail upon a claim under the FDCPA, a plaintiff must show: (1) that she has been subject to a collection activity arising from a consumer debt; (2) that the defendant is a debt collector as defined by the FDCPA; and (3) that the defendant has participated in an act or omission prohibited by the FDCPA. *Pescatrice v. Orovtiz*, 539 F. Supp. 2d 1375, 1378 (S.D. Fla. 2008) (Cohn, J.). The Plaintiff claims that the Defendant violated section 1692d(5), which prohibits "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number," and section 1692f, which prohibits the use of "unfair or unconscionable means to collect or attempt to collect any debt."

Based upon the allegations in the complaint, the Plaintiff is entitled to judgment on her FDCPA claim because she adequately alleges that the Defendant continued to call her in relation to attempts to collect a debt owed by Beverly Plummer, even after the Plaintiff informed the Defendant that she is not that individual. *See Miljkovic v. Shafritz & Dinkin, P.A.*, 791 F.3d 1291, 1302 (11th Cir. 2015) ("It follows that if 'any person' is entitled to redress under

the FDCPA, then all persons must be entitled to protection under it—be it the consumer under § 1692c, or any person who is mistreated in [] connection with the collection of any debt under §§ 1692d-1692f.") (internal citation omitted). Moreover, the Court determines that the Plaintiff is entitled to the damage amount she requests—$1,000.00—based upon the Defendant's continuing to call the Plaintiff after she asked for the calls to stop.

### C. FCCPA

The Plaintiff's claim under the FCCPA rests on two subsections of Florida Statutes section 559.72. (*See* Compl., ECF No. 1 ¶¶ 78-80). The conduct prohibited includes "[w]illfully communicat[ing] with a debtor . . . with such frequency as can reasonably be expected to harass the debtor" and any "[c]laim, attempt or threat[] to enforce a debt when such person knows that the debt is not legitimate, or [to] assert the existence of some other legal right when such person knows that the right does not exist." Fla. Stat. §§ 559.72(7), (9). Similar to the FDCPA claim, the Plaintiff alleges that the Defendant violated the FCCPA by continuing to call after she specifically requested to stop being called, and in addition, that the Defendants calls continued even after she notified the Defendant that she was not the individual whom they were attempting to reach. Therefore, the Plaintiff is entitled to an entry of judgment for a violation of section 559.72(9).

Similar to the FDCPA, the Court may allow statutory damages up to $1,000.00 for violation of the FCCPA, which is the amount the Plaintiff requests. *See* Fla. Stat. § 559.77(2). In making this determination, the Court considers the frequency and persistence of noncompliance as well as the nature of the noncompliance, including whether the violation was intentional. *See id.* For the same reasons discussed for the FDCPA claim, the Court awards $1,000.00 in statutory damages for the Defendant's violation of the FCCPA.

### 4. Conclusion

Accordingly, the Court **grants in part and denies in part** the Plaintiff's motion for default judgment (**ECF No. 13**). The Plaintiff is entitled to recover $12,000.00 from the Defendant for violations of the TCPA, FDCPA, and FCCPA. The Court will enter judgment by separate order.

**Done and ordered** at Miami, Florida, on May 21, 2018.

_____
Robert N. Scola, Jr.
United States District Judge

*Copy to:*

Progressive Financial Services, Inc.
c/o Corporation Service Company
1201 Hays Street
Tallahassee, Florida 32301